**CIRCLE GROUP INTERNET, INC., Plaintiff,**

v.

**FLEISHMAN–HILLARD, INC., Defendant.**

No. 02 C 5734.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 2, 2002.

James Kenneth Borcia, John M. O'Driscoll, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Plaintiff.

Christopher Todd Sheean, Michael Lawrence Duffy, Kelley Drye & Warren LLP, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Circle Group Internet, Inc. ("CGI"), a consulting firm, retained defendant Fleishman–Hillard, Inc. ("FH"), a public relations firm, to perform a variety of public relations and marketing services for CGI. On July 3, 2000, the parties executed a contract outlining the services FH was to perform and the fees CGI was to pay. FH allegedly failed to complete its obligations as promised. CGI sued FH in the Circuit Court of Cook County, Illinois, for breach of contract, breach of implied-in-fact contract, and fraudulent misrepresentation, seeking damages for FH's alleged nonperformance. FH removed the case on the basis of diversity and now moves under Rule 12(b)6 of the Federal Rules of Civil Procedure to dismiss the suit against it for failure to state a claim on which relief can be granted. I deny the motion.

CGI's complaint contains three separate counts. Count I accuses FH of breach of contract. In its motion and reply seeking dismissal of this count, FH relies solely on the argument that CGI fails to state a claim for breach of contract because FH fully performed its obligations under the contract. This is a factual defense that cannot be addressed in a motion to dismiss. A motion to dismiss should be granted only when it is clear beyond doubt that the plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Board of Educ.*, 143 F.3d 351, 359 (7th Cir.1998). There are many possible sets of facts that might support CGI's claim. Therefore, I decline to dismiss Count I.

Count II of CGI's complaint accuses FH of breach of contract implied-in-fact. FH argues that this count should be dismissed because the parties had an express agreement, and it would be inconsistent for this court to find that the parties had both express and implied agreements on the same subject matter. However, the parties have agreed that Missouri law governs their agreement, and in Missouri, "the finding of both an express and implied contract is not inconsistent where ... the terms of the implied contract do not materially alter or differ from the express agreement." *Hudson v. DeLonjay*, 732 S.W.2d 922, 928 (Mo.Ct.App.1987). As CGI alleges an implied-in-fact contract that does not differ from the written contract at all, there is no inconsistency between the two claims under Missouri law, and I deny the motion to dismiss Count II.

Count III of CGI's complaint alleges fraudulent misrepresentation, stating that in order to induce CGI to enter the contract, FH's representatives falsely described their firm as the foremost public relations firm in the world and falsely promised to generate a steady stream of media attention.

FH bases its argument that Count III should be dismissed on two theories. First, it argues that CGI has failed to plead every essential element of fraud, as required by Missouri law, and has failed to do so "with particularity" as required by the Federal Rules. Missouri procedural law, such as its pleading rules, is inapplicable here. The Federal Rules, which govern the adequacy of pleading in this court, require only that in any averment of fraud, the complaint must state the circumstances of fraud "with particularity," Fed. R.Civ.P. 9(b), including the who, what, where and when of the alleged fraud. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th Cir.1999). The complaint states that on June 30, 2000 ("when"), at CGI's Mundelein office ("where"), FH officers Michael Zimmerman and Greg Connel ("who") stated that FH is the foremost public relations firm in the world and that FH would generate a steady stream of media coverage for CGI ("what"). This is sufficient to satisfy the requirements of Rule 9(b). *Wafra Leasing Corp.1999–1–A v. Prime Capital Corp.*, 204 F.Supp.2d 1120, 1125–26 (N.D.Ill.2002) (Bucklo, J.).

Next, FH claims that the alleged misrepresentations are not fraudulent because they reflected the opinions of the speakers. In Missouri, "expressions of opinion cannot constitute fraud." *Constance v. B.B.C. Development Co.*, 25 S.W.3d 571, 587 (Mo.Ct.App.2000). Fact is defined as any matter that is susceptible to exact knowledge, and opinion as any matter that cannot be known exactly, although this rule is subject to the circumstances of a particular case. *Reis v. Peabody Coal Co.*, 997 S.W.2d 49, 65 (Mo.Ct.App.1999). The two statements allegedly made by FH officers seem quite clearly to be statements of opinion. Whether a public relations firm is "foremost" in the country is

not susceptible to exact knowledge, and the level of media coverage FH would generate in the future is virtually by definition unknowable. However, "the general rule [that expressions of opinion cannot constitute fraud] is inapplicable if, in addition to expressing an opinion, material facts have been withheld." *Constance*, 25 S.W.3d at 587. Count III complains that the FH officers knew that they would be unable to fulfill their promises due to a change in the media climate and the unwillingness of journalists to deal with FH's staff. Such withholding of critical information by the officers could constitute fraud. Therefore, FH has failed to show that there is no set of facts CGI could prove that could support its conclusions. I decline to dismiss Count III.

The motion to dismiss is DENIED.